ALICE DOWNING *v.* STAMFORD COMMUNITY CHEST, INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 6—decided February 7, 1939.

*Sidney Vogel,* with whom were *Ernest L. Josem* and *William J. Sullivan,* for the appellant (plaintiff).

*John M. Comley,* for the appellees (defendants).

Per Curiam. The defendant Community Chest, engaged in soliciting funds for charitable purposes, secured permission from the town authorities to erect a large sign in front of the town hall in Stamford, and made an agreement with Barnes, independent contractor, to do the work. The plaintiff's husband, an employee of Barnes, was killed by a fall while working on the sign. The plaintiff claimed workmen's compensation as a dependent against the Community Chest as principal employer, but the compensation commissioner denied it and the Superior Court sustained him in so doing. The statute provides that an employee of a contractor may recover compensation from the principal employer when, among other conditions, the work upon which the employee was engaged was being performed "in, on or about premises" under the control of the principal employer. General Statutes, § 5230. The situation before us does not differ in any material respect from that involved in *Wilson* v. *Largay Brewing Co.*, 125 Conn. 109, 3 Atl. (2d) 668, and our decision in that case is controlling.

There is no error.