ANNA BUYTKUS, ADMINISTRATRIX (ESTATE OF FRANK BUYTKUS) *v.* SECOND NATIONAL BANK, SUCCESSOR TRUSTEE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 26, 1940.

*Cyril Coleman,* for the appellant (defendant).

*Moses Hartzmark* and *Joseph F. Ryter*, with whom, on the brief, were *Frederick J. Rundbaken* and *Frank E. Dully*, for the appellee (plaintiff).

AVERY, J.  The decedent was killed by an electric shock while working on a hot water storage tank in the cellar of an apartment house owned by the defendant.  At the time, he was working for his immediate employer, the State Welding Company.  The plaintiff brought this action, based on negligence, to recover for the decedent's death.  The defendant in its answer, after denying the allegations of negligence, set up as a special defense that the decedent was employed by a subcontractor of the defendant, and the defendant was liable, if at all, only under the provisions of the Workmen's Compensation Act, General Statutes, § 5230, and was not liable in an action for damages at law.  The issue on this appeal is whether the defendant was the principal employer of the deceased at the time.  The trial court found that the deceased came to his death by reason of the negligence of the defendant.  This finding is not questioned, but the trial court found also that at the time in question the defendant was not the principal employer of the decedent, that the plaintiff was entitled to recover against the defendant in an action for negligence and was not confined to the provisions of the Workmen's Compensation Act.

The material facts essential to the decision of this appeal are these:  The Second National Bank of New Haven was authorized to engage in the trust business, as trustee owned more than sixty parcels of real estate in Hartford, regularly employed more than five persons and was subject to the terms of the Workmen's Compensation Act.  For nine years prior to June 2, 1939, the defendant had been the owner by foreclosure

of an apartment house at No. 159 Wethersfield Avenue and maintained in the cellar thereof a heater and storage tank to supply hot water to the tenants. On that day, the janitor of the building noticed that there was a leak in the tank and notified Crowley & Company, local agents of the defendant, in charge of repairs and maintenance. In turn Crowley & Company, as agents, got in touch with the State Welding Company of Hartford in regard to the leak. From the course of dealing between these parties in the past, it was understood by both that the State Welding Company was authorized, for reasonable compensation, to make the repairs if it were a small or an emergency job; but if it proved to be a major job, involving considerable expense, confirmation by Crowley & Company would be necessary before the work should be undertaken. The arrangement made in this case between Crowley & Company and the Welding Company was the customary one to inspect and repair if a minor defect and report back if otherwise. On that day, the Welding Company sent the plaintiff's intestate to the property, instructing him to examine the tank and call back for instructions. The plaintiff's intestate was an experienced welder and while tapping the head of the tank to determine weak spots, hot water suddenly spurted upon him and he was killed by an electric shock caused by contact with live wires while his clothing was wet. He was killed before he ascertained the extent of the repairs required, and he did not report back to his employer. The tank was not repairable, its whole head having been eaten away, and the job was a major repair, it being necessary to replace the tank with a new one. The required repairs were not such work as was done by the defendant's employees. No charge was made by the Welding Company for the preliminary examination

for the purpose of ascertaining the extent of repairs necessary.

To render a principal employer liable to pay compensation under the Workmen's Compensation Act (1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer. *Crane* v. *Peach Brothers,* 106 Conn. 110, 113, 137 Atl. 15; *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189, 191, 139 Atl. 778; *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 136, 157 Atl. 860; *Massolini* v. *Driscoll,* 114 Conn. 546, 551, 159 Atl. 480; *Hoard* v. *Sears Roebuck & Co., Inc.,* 122 Conn. 185, 188, 188 Atl. 269. As between all persons in the mutual relationship of employer and employee who have accepted the provisions of the Workmen's Compensation Act, the right to obtain and the liability to pay compensation under the act is substituted for the common law rights and liabilities otherwise existing between them to the exclusion of the latter. *Wells* v. *Radville,* 112 Conn. 459, 463, 153 Atl. 154; *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* supra, 130. It is conceded that the work in this case was done on the premises of the defendant and, therefore, this requirement of the statute existed. It is the claim of the plaintiff that the other two requirements did not exist; that the relationship of principal and contractor did not exist between the defendant and the Welding Company; and, further, that the work was not "part or process in the trade or business" of the defendant.

Under the finding as made, and no correction is permissible whereby the position of the defendant will be materially advantaged, there is no basis for the defendant's claim that at the time of his injury the

deceased was performing any work on behalf of the defendant. The Welding Company, by whom the deceased was employed, was inspecting the cellar for the purpose of ascertaining whether or not it would make a repair. If the repair was to be a major one, as was the situation in this case, it had no authority from the defendant or its agents to proceed with the repair until authorized. Moreover, the Welding Company made no charge to the defendant or to its agents, Crowley & Company, for the inspection. It is true that the trial court has not found that it was a part of the arrangement with the Welding Company that it was not to be paid for such an inspection; but the burden of proof to establish the special defense was on the defendant and it can take no benefit from this omission. The arrangement with the Welding Company as to making repairs was severable, depending upon the condition which might be found; if the repair needed was a minor one, the company was authorized to proceed with it, and at once a contractual relationship would spring into existence; but if it was a major one, the company could only report back for further instructions, the defendant was in no way obligated, and there was no mutuality such as would give rise to a contractual relationship. In such a case, the occurrence of the condition did not bring into operation an obligation on the part of the defendant as in *Raff Co.* v. *Murphy*, 110 Conn. 234, 239, 147 Atl. 709; but it produced a situation where the intent of the parties was that if a major repair was found necessary, whether they should enter into a contract would depend on future negotiations. *Barry & Sons, Inc.* v. *Western Union Telegraph Co.*, 109 Conn. 371, 374, 146 Atl. 501. The situation is like the ordinary one where, on request of a person proposing to let a contract for certain work, another examines it with a view

to making a bid which the former may or may not accept. It thus appears that the work upon which the plaintiff's decedent was engaged was wholly for the benefit of the Welding Company, to ascertain the extent of repair required in order to obtain a basis for making a contract to effect the same. It follows that the relationship of principal employer and contractor did not exist between the defendant and the Welding Company at the time this accident occurred, that the defendant was not liable to pay compensation under the Workmen's Compensation Act and that the plaintiff could maintain an action against it for negligence. As this disposes of the case, it is unnecessary to consider whether or not the work upon which the decedent was engaged was "part or process in the trade or business" of the defendant.

It follows that the trial court did not err in its conclusion that the defendant was not the principal employer of the plaintiff's decedent, under General Statutes, § 5230; and the special defense alleged by the defendant that the plaintiff's only right of recovery was under the provisions of the Workmen's Compensation Act was not sufficient.

There is no error.

In this opinion the other judges concurred.