ARTHUR R. BATES, ADMINISTRATOR (ESTATE OF CLARENCE BATES) *v.* THE CONNECTICUT POWER COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 1—decided July 7, 1943.

*Charles L. Smiddy* and *Warren Maxwell,* for the appellant (defendant).

*Arnold M. Sweig,* with whom was *Robert L. Halloran,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff brought suit for damages for the death of his intestate. The defendant pleaded that the injury was within the Compensation Act. The court held the defense insufficient and gave judgment for the plaintiff. The question to be decided is whether the accident hereinafter described occurred in, on or about premises under the control of the defendant under the provisions of General Statutes, § 5230.

The finding, summarized in so far as is necessary to dispose of the single question of law, was based on a stipulation signed by the parties. On March 6, 1941, the defendant was a public utility corporation engaged under statutory authority in furnishing electricity to consumers in Connecticut. It maintained and operated a distributing system consisting of wires, poles and other equipment. It customarily maintained continuous supervision and physical control of this distributing system, including its poles, circuits, wires and other equipment, for the purpose of rendering the same reasonably safe by making replacements and repairs and painting.

On the date in question Harold J. Bradley, of Bristol, was an independent contractor engaged in the business of erecting poles. He employed a crew of

men in the prosecution of this work and owned tools and machinery essential to its execution. Breezy Hill Road in Canton was a public highway, and on and prior to the date mentioned the defendant had been engaged in erecting and locating poles for the distribution of electricity along that highway and had men and equipment engaged in that work. Prior to March 6, 1941, the defendant contracted with Bradley to erect poles along the highway. The relation of principal employer and contractor existed between the defendant and Bradley as to this work and the work was also part and process in the trade and business of the defendant.

On March 6, 1941, Bradley sent his crew, with Clarence Bates, the plaintiff's intestate, as foreman, to Breezy Hill Road to erect poles for the defendant. The crew was there joined by J. C. Hewitt, an agent, servant or employee of the defendant, who was engaged in the course of his employment. The details of the accident are not important. Suffice to say that, while Bates was working on the highway attempting to place these poles, a part of Bradley's equipment fell on and killed him. The falling of the equipment was caused by the negligence of Hewitt. Bradley was insured and compensation has been paid to the widow by Bradley's insurer.

The sole disputed issue was as stated at the outset of this opinion. The trial court concluded that the defendant had the burden of proving that the work in connection with which the plaintiff's intestate was killed was "performed in, on or about premises under . . . [its] control" within the meaning of § 5230 of the General Statutes, and that it had failed to prove this fact. Consequently, judgment was for the plaintiff.

Broadly speaking, an employee injured as a result of an accident arising out of and in the course of his

employment is entitled to compensation. General Statutes, § 5226. In the administration of the compensation law, experience showed that there was a class of workmen who were within its spirit but outside its specific terms. These were men who were employed by an independent contractor and who, therefore, had no contractual relationship with the principal employer. If, as frequently happened, the contractor was financially irresponsible and uninsured, an injured workman could not be compensated. *Bello* v. *Notkins,* 101 Conn. 34, 38, 124 Atl. 831. General Statutes, § 5230, was designed to grant these men some measure of protection. This protection was quite properly more limited than that afforded the principal employer's own workmen. The idea behind these limitations was that to hold the principal employer responsible the work must have been largely within his control or observation. *Wilson* v. *Largay Brewing Co.,* 125 Conn. 109, 112, 3 Atl. (2d) 668. The best proof of this is the character of these limitations as expressed in the statute. Under its terms the following conditions had to be fulfilled: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be in, on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer. *Buytkus* v. *Second National Bank,* 127 Conn. 316, 319, 16 Atl. (2d) 579. The finding shows that the first and third conditions were met in this case. It was stipulated that, if the facts found proved that the second condition was also fulfilled, judgment should be for the defendant; otherwise, that judgment should enter for the plaintiff.

It is inherent in the relationship of principal employer and independent contractor that the control

of the work is in the latter. *Ross* v. *Post Publishing Co.*, 129 Conn. 564, 567, 29 Atl. (2d) 768. This is relevant but not conclusive, for the question here is control of the premises on which the work was being done. The work was being done on the highway. The decisive answer will be found by determining whether this highway, under the circumstances, was "premises controlled by the principal employer."

The case is one of first impression in this state; in fact, no case exactly in point involving an act similar to ours has been found. This second condition was construed in *Wilson* v. *Largay Brewing Co.*, supra, and *Downing* v. *Stamford Community Chest*, 125 Conn. 728, 4 Atl. (2d) 329, but those cases did not relate to work on a highway. On their particular facts, it was held that the premises there in question, being private property belonging to others, were not premises under the control of the principal employer. In *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 364, 122 Atl. 63, a contractor was held to have the premises upon which excavation work was being done under its control.

The cases construing this section are comparatively few in number. See 1 Schneider, Workmen's Compensation (2d Ed.), p. 319; 2 id. (Perm. Ed.), pp. 177, 200; Willis, Workmen's Compensation Acts (32d Ed.), p. 218; 58 A. L. R. 889, 105 A. L. R. 591. The defendant insists that the business of a public utility, which is so largely transacted on the highways, should not be considered from the same point of view as that of an ordinary manufacturing concern, and there is authority for this proposition. *Tierney* v. *Southwestern Bell Telephone Co.*, 114 Kan. 706, 220 Pac. 190; *Rogers* v. *Cardiff Corporation*, [1905] 2 K. B. 832. These cases hold the employer liable, but the Kansas case did not involve an independent contractor and its act is broader than ours, as is the English Act.

Therefore they are not in point. As has been stated, few of the compensation acts are as restricted as ours in the particular matter under consideration, but the cases contain statements which support the position of the trial court. Speaking of "premises," *Buckley, L. J.,* in *Andrews* v. *Andrews & Mears,* [1908] 2 K. B. 567, 570, says: "That word implies some definite place with metes and bounds, say land, or land with buildings upon it. A public street is not, in my opinion, within these words at all." In *Doherty's Case,* 294 Mass. 363, 365, 2 N. E. (2d) 186, occurs the statement: "Certainly the highway was not 'under the control or management of the insured.'" In *State* v. *Ehr,* 52 N. D. 946, 953, 204 N. W. 867, in holding that an abutting owner did not own or control the street in front of his premises, the court said: "In general, to have 'control' of a place is to have the authority to manage, direct, superintend, restrict or regulate." The only case found supporting the defendant's position is *Cobb* v. *Standard Accident Ins. Co.,* (Mo. App.) 31 S. W. (2d) 573, 575, and the statement was dictum.

The trial court was correct in concluding that the stipulated facts did not prove that the work was being performed in, on or about premises under the control of the defendant within the meaning of General Statutes, § 5230.

There is no error.

In this opinion the other judges concurred.