GEORGE GREENWALD *v.* WIRE ROPE CORPORATION OF AMERICA.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 10—decided December 21, 1944.

*Francis J. Moran* and *John E. McNerney,* for the appellant (defendant).

*Alexander Winnick,* for the appellee (plaintiff).

BROWN, J. The plaintiff claimed that while he was on the defendant's property to obtain goods that were to be delivered for the defendant he descended a ladder and his foot came in contact with a reel or spool at the bottom of the ladder which the defendant had negligently permitted to be there, causing him to fall and suffer injury. He obtained a verdict which the defendant moved to set aside. The defendant has appealed, assigning error in the denial of the motion, in the finding and in the charge of the court. It further attacks the judgment upon the ground that it was the plaintiff's principal employer under the Workmen's Compensation Act and, therefore, that there was no common-law liability for negligence.

As to this claim, the case is clearly distinguishable on the facts from *Zimmerman* v. *MacDermid, Inc.*, 130 Conn. 385, 34 Atl. (2d) 698, which the defendant cites in its support. In that case the plaintiff was actually performing work on the principal employer's premises which would ordinarily be done by the latter's employees. It is true that in the instant case the defendant itself made deliveries on occasion to shipping terminals in New Haven, but the plaintiff's employer was engaged in the general business of transporting freight from New Haven to points outside that city. It took the place of the common carrier to whom the defendant delivered merchandise at the freight yards. This is not work "of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business." *King* v. *Palmer*, 129 Conn. 636, 641, 30 Atl. (2d) 549. The trial court was correct in so ruling.

In the view which we take of the case, the only further assignments of error requiring mention relate to the court's charge to the jury. The plaintiff's mate-

rial claims of proof in substance were these: Pursuant to orders of the trucking concern by which he was employed, between 6 and 7 p.m. on April 2, 1943, he drove its truck to the defendant's manufacturing plant to pick up freight that was ready for him. Parking the truck on the street, he entered the shipping room in the defendant's building, as was necessary in order to ascertain where the freight was located, and was there told that it was at the Howard Avenue entrance. In proceeding out of the building as directed by the defendant's shipping clerk, that he might move his truck to this point, the plaintiff came to the edge of the loading and receiving platform and started backwards down a ladder which leaned against its edge, to descend to the floor at the street level six feet below. When he reached the bottom of the ladder his right foot stepped on an empty reel or spool on the floor to the side of the ladder, causing him to fall to the floor and injure his right ankle. It was a wooden reel shaped like a spool, about fourteen inches long and eight inches wide. No warning was given by the shipping clerk to the plaintiff as he descended the ladder. There had been no truck in this entranceway since 4 o'clock that afternoon. The defendant claimed to have proved that on that day other trucks had used this entrance at least once or twice, and that it was not known who owned the spool which caused the plaintiff's fall.

The defendant requested the court to charge: "The primary duty of the defendant is to use reasonable care to see that its premises are kept reasonably safe and its liability can only arise out of a failure in that duty. To give rise to it, however, it must appear that the defendant either knew of the presence of the spool or was chargeable with notice of it, because had it exercised a reasonable inspection of the premises it would have known of it. In this sense only can it be

truly said that the defendant is under a duty to inspect the premises, and a failure to inspect them cannot give rise in itself to a liability for injuries resulting from the presence of the spool. The duty to take steps reasonably to avert danger is predicated upon knowledge of the danger, or its equivalent; so also is a duty to warn." This constituted a pertinent and correct statement of the principles governing the defendant's liability. *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 64, 13 Atl. (2d) 760; *Lunny* v. *Pepe*, 116 Conn. 684, 686, 165 Atl. 552.

The court did not charge in accord with this request. Instead it charged concerning "the measure of the defendant's legal duty" as follows: "Under the circumstances that existed the defendant owed a legal duty to reasonably inspect its premises to keep them reasonably safe. It is for you to decide what would have been the conduct of the reasonably prudent person vested with the particular duty that I have adverted to under the circumstances that are found to have existed in this case . . . then in the light of what you conclude as to the character of the place itself and the circumstances surrounding it you would be called upon to decide what was called for as a measure of duty under the obligation which I have said rested upon the defendant to make a reasonable inspection of its premises to see that the same were reasonably safe." Several times subsequently during the charge the court referred to this "duty," this "responsibility," which it had thus "attempted to define and explain."

A comparison of the correct principles stated in the request with the rule contained in the charge as given makes manifest the fundamental error in the court's instructions. Instead of telling the jury that the defendant's primary duty was to use reasonable care to make the premises reasonably safe, it instructed them

that this duty was reasonably to inspect the premises to keep them reasonably safe. The duty to use reasonable care to make the premises reasonably safe is very different in scope, as well as in significance concerning liability, from a duty reasonably to inspect. The defendant's liability could only arise out of a failure in his duty to use reasonable care to see that the premises were kept reasonably safe. *Reardon* v. *Shimelman*, 102 Conn. 383, 386, 128 Atl. 705. "To give rise to it, however, it must appear that he either knew of a defect or was chargeable with notice of it, because, had he exercised a reasonable inspection of the premises, he would have known of it. *Reardon* v. *Shimelman*, supra, p. 389. In this sense only can it be truly said that the landlord is under a duty to inspect the premises, and a failure to inspect them cannot give rise in itself to a liability for injuries resulting from a defective condition." *Vinci* v. *O'Neill*, 103 Conn. 647, 657, 131 Atl. 408; *Laflin* v. *Lomas & Nettleton Co.*, supra. Thus inspection was of significance only as fixing the time when the defendant was charged with knowledge of the existence of the condition, thus affording a basis for determining whether, in view of the length of time thereafter afforded to remedy the dangerous situation, the defendant failed to measure up to its duty of using reasonable care to make the premises reasonably safe.

The court further instructed the jury that, if they were satisfied that the defendant had violated this duty of reasonable inspection, as it had defined and explained it, "by evidence showing [them] that [the] spool had been in position an appreciable length of time, which should have imputed knowledge to the defendant under its obligation to have reasonable inspection, if [they] should find the spool as it lay there was dangerous and if [they] should find that was the

proximate cause of the plaintiff's injury," then they might find the defendant liable. This charge was erroneous in the first place in suggesting that the jury might find that the spool as it lay was dangerous when there were no claims of proof to warrant it. It was further clearly erroneous in failing to state as requisite to liability that not only a finding of knowledge, actual or constructive, by the defendant that the dangerous condition existed was essential but also that thereafter the defendant had had an opportunity in the exercise of reasonable care to remedy it. The existence of this second essential concretely exemplifies the vital distinction between the duty to use reasonable care to keep the premises reasonably safe and a duty reasonably to inspect to keep them reasonably safe.

The charge further failed to give any definition of proximate cause. Since the defendant neither filed a pertinent request nor took exception on this ground, its assignment of error as to this cannot avail. Practice Book, § 156.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J. and ELLS, J., concurred.

DICKENSON, J. (dissenting). The claim was that the juxtaposition of the ladder and the spool was the danger element. The court left it to the jury to decide whether or not this constituted a dangerous condition and charged, in effect, that if it did and it had existed "an appreciable length of time, which should have imputed knowledge to the defendant under its obligation to have reasonable inspection," there would be liability. It had before instructed the

jury that the legal duty of the defendant was to reasonably inspect its premises to keep them reasonably safe. The majority opinion points to the further duty to use reasonable care to correct the condition after reasonable inspection should have disclosed it. This element does not appear to have been in issue between the parties. The ladder and the spool were easily movable objects once their position had been discovered, and no question of time necessary for their separation was raised. In view of the narrow factual issue presented I think the charge was adequate.

In this opinion JENNINGS, J., concurred.