**KAUFMAN v. BOWMAN.**

No. 45, Docket 22086.

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1951.

Decided Jan. 4, 1952.

David M. Reilly, New Haven, Conn., for appellant.

Julius B. Kuriansky, of the firm of Gordon & Kuriansky, Stamford, Conn., for appellee.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

The plaintiff, Kaufman, a citizen of Connecticut, brought this action in the court below against the defendant, Bowman, a citizen of New York, to recover under the common law of Connecticut for personal injuries alleged to have been sustained in that State. A trial by jury resulted in a verdict for the plaintiff, and the defendant took this appeal from the judgment entered thereon.

Federal jurisdiction on the ground of diversity of citizenship and amount in controversy is clear, and the appellate jurisdiction of this court is equally clear.

There is no dispute as to the following facts. The general contractor for a large housing development in Stamford, Connecticut, subcontracted the grading, excavating, and similar work on the project, to one Peter Mitchell, Inc., and the latter in turn subcontracted certain of the excavating and grading work to the appellant Bowman. Bowman, in performing his contract, used his own power equipment, shovels and the like, manned by his own employees, to do the excavating, and he orally hired two trucks and their drivers on an hourly basis from one Palmer to haul the material excavated from one part of the

site to other places thereon where it was needed for fill. Kaufman, the plaintiff-appellee, was the driver of one of the Palmer trucks.

On the day in question Kaufman was proceeding across the site with a load when he observed one of Bowman's employees preparing to detonate a charge of dynamite. Kaufman stopped his truck, got out and crawled under it for protection. The dynamite charge was exploded and a flying fragment of rock struck Kaufman on the foot inflicting the injury for which he here seeks to recover.

In addition to the defenses usual in actions of this sort, with which we are not concerned on this appeal, the defendant set up as a special defense that he "is not liable to a suit at common law because the plaintiff is an employee of a subcontractor operating under a contract with the defendant and the plaintiff's right to recover at common law for injury is replaced by provisions of the State of Connecticut Workmen's Compensation Act." The court below ruled that on the evidence adduced this defense was not available to the defendant, and it so instructed the jury, refusing to give the instructions with respect to the defense requested by the defendant. This is the only error urged in this appeal.

Appellant rests his case primarily on sections 7419 and 7423 of the Connecticut General Statutes, 1949 Revision. The first of these, § 7419, provides that upon acceptance of the act, as apparently was the case here, an employer shall not be liable to any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment, but shall be liable instead to pay compensation on account thereof according to the statutory scale. See Crisanti v. Cremo Brewing Co., 1950, 136 Conn. 529, 72 A.2d 655. And the second, § 7423, provides: "When any principal employer shall procure any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done shall be a part or process in the trade or business of such principal employer, and shall be performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

The appellant's argument is that under this latter section Bowman was a principal employer liable to pay Kaufman compensation according to the scale provided in the statute, and hence under § 7419 as a matter of law Bowman was not liable to Kaufman in an action at common law.

It is clearly evident from the language of § 7423 quoted above, and the highest state court repeatedly so held in the cases to be cited presently, that a principal employer is not liable under its terms to pay compensation unless three separate requirements are fulfilled. These are: (1) that the principal employer must have procured work to be done wholly or in part for him by a contractor, or through the latter by a subcontractor, (2) that the work must be performed in, on or about premises under the principal employer's control and (3) that the work procured to be done must be a part or process in the trade or business of the principal employer.

Taking up the first of these elements we observe that Palmer's agreement with Bowman was not to move for a predetermined figure whatever excavated material had to be moved about the site in order to comply with the terms of Bowman's contractual agreement with Mitchell. Nor was it Palmer's agreement to move excavated material for Bowman at either a fixed or a cost plus price per cubic yard or other unit of measurement. Palmer's agreement was to provide Bowman with two trucks and their drivers for a set price per hour for Bowman to use to haul fill, or so far as appears any other material suitable as cargo for trucks of the type involved, or even to hold in idleness, perhaps as reserve equipment or else to keep readily available in the event of a temporary breakdown of the excavating machinery. Thus it can be argued that Bowman's arrangement with Palmer was not one for procuring work to be done by the latter as a contractor, but instead was an arrangement for procuring instrumentalities, *i.e.* trucks and drivers, for the pros-

ecution of work of a contractual nature undertaken by Bowman.

Two Connecticut cases, however, which are closely akin to ours on their facts, do not support this analysis.

In Crane v. Peach Bros., 1927, 106 Conn. 110, 137 A. 15, 16, the plaintiff was a truck driver employed by Peach Brothers who was injured by a piece of flying steel while he was repairing a chain on a truck. He sought compensation for his injury from both his immediate employer and also from Lane Company; Peach Brothers having contracted to furnish Lane Company with trucks and drivers for $3 per hour for work on a construction job of the latter, and the plaintiff at the time of his injury being employed as the driver of one of the trucks so supplied. In affirming action below wherein the claim against Lane Company and its insurer had been dismissed, but the claim against Peach Brothers and its insurer sustained, the Supreme Court of Errors, after enumerating the statutory requirements as stated herein above, said: "The first two of these requirements are fully met by the facts found." The court then went on to point out, however, that although it appeared that the accident occurred on premises under Lane Company's control, it did not appear that it was one of Peach Brothers' trucks which was being repaired, or if it were, that the repairs were being made during working hours while Lane Company was paying for its use. Hence the court concluded that Lane Company was not liable for compensation under the statute for the reason that on the facts found it was impossible to say that at the time the plaintiff was injured he was engaged in work which was a "part or process in the trade or business" of Lane Company. Thus the court's statement as to compliance with the first requirement is a dictum.

But the same cannot be said with respect to the identical statement in Massolini v. Driscoll, 1932, 114 Conn. 546, 159 A. 480, 482. In that case compensation was claimed against both the City of Hartford, and also Driscoll and his insurer, for the death of a teamster hired by Driscoll at a weekly wage. It appeared that Driscoll rented a pair of horses, with harnesses and a driver, who was the decedent, to the City of Hartford to haul a wagon owned by the city along an established rubbish collection route. The decedent had the sole duty of managing and caring for his horses, and while on a street at the beginning of his route he was kicked by one of his horses and killed when he attempted to put ice calks supplied by Driscoll in his horses' shoes.

In affirming an award of compensation against the city, the court again enumerated the statutory requirements above stated, and again said: "The first two of these requirements are fully met by the facts found." Then, after discussing the facts with respect to compliance with the third requirement the Court said in conclusion: "The deceased, having been injured on the premises of the city, while employed by a contractor hired by it, and while engaged in doing an act incidental to and in furtherance of the operations involved in the business of the city, a valid claim for compensation has been established against the city."

While it is true that the Connecticut cases considered above can be factually distinguished from ours, and while it is also true that they contain no detailed discussion of the elements essential for compliance with the first requirement, nevertheless the fact remains that they are essentially similar to ours as to the contractual relationship between the employee's immediate employer and his principal. They may be but straws in the wind, but they are all we have to indicate the current of judicial opinion in Connecticut, and we think they indicate that the Supreme Court of Errors in an action by Kaufman against Bowman for compensation would once more repeat that on the facts disclosed the first requirement of the statute had been met.

The second statutory requirement we think has also been met. Bowman's work in the performance of his contract with Mitchell required the movement of excavated material to all parts of the tract to be built upon. This we think is enough

to satisfy the statutory requirement that the work procured to be done by the principal employer "shall be performed in, on or about premises under his control." This we deem to be so for in Crisanti v. Cremo Brewing Co., 1950, 136 Conn. 529, 535, 72 A.2d 655, 659 the court said that the "fundamental and principal" purpose of the legislature in using the phrase "was to limit the principal employer's responsibility for accidents to such accidents as occurred within a definite, specified area." And then the court immediately went on to say: "The use of the phrase 'under his control' is merely descriptive of that area. It is used instead of such words as 'owned by him' or 'in his possession' in order to describe the area in a more inclusive fashion. The emphasis is upon limitation of the area within which the accident must happen rather than upon actual control of the implements which caused the accident."

Thus, since the accident occurred on the part of the tract under development, we think it certainly occurred on premises under Bowman's control in the statutory sense. The fact that other contractors were also at work on the tract at the time so that Bowman did not have exclusive control is immaterial. Palumbo v. George A. Fuller Co., 1923, 99 Conn. 353, 122 A. 63.

There is no dispute that the third requirement of § 7423 has also been met under the test laid down in the Crisanti case, supra, wherein 136 Conn. at page 532, 72 A. 2d at page 657, the court said: "If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business it is a part or process in his business."

Thus we conclude, although not with complete assurance, that Kaufman would be entitled to compensation from Bowman under the Connecticut Workmen's Compensation Act, and from this it follows that Bowman is not liable to Kaufman under the common law of Connecticut.

The judgment of the District Court is vacated and set aside, and the case is remanded to that Court for entry of judgment for the defendant.