CARMELA DE ROSA, as Limited Administratrix of the Estate of JOHN P. DE ROSA, Deceased, Appellant, *v.* SLATTERY CONTRACTING Co., INC., Respondent, et al., Defendant.

First Department, November 9, 1961.

*Norman Roy Grutman* of counsel (*Egeth & Wallach,* attorneys), for appellant.

*John P. Carson* for respondent.

McNALLY, J. In an action for personal injuries and wrongful death, plaintiff appeals from a denial of her motion for summary judgment.

The decedent, a resident of New York, was employed by Daniel F. McNamee Company, a New York corporation with its principal place of business in Westchester County. At the time of the accident McNamee, as subcontractor of Slattery Contracting Co., Inc., defendant-respondent, was constructing a part of the New England Thruway in Connecticut. On September 23, 1957, at or about 5:00 P.M., in the performance of his duties on said project in the State of Connecticut, the decedent was electrocuted. The decedent was assisting in the movement of heavy equipment by means of a motor crane equipped with a 40-foot boom, owned and operated by an employee of Slattery, when it came in contact with live electrical wires, carrying 4,800 volts, suspended on poles. The electrical charge grounded in the decedent causing the injuries and his death within the hour.

Section 7423 (1949 Rev.) (now § 31–154) of the General Statutes of Connecticut required Slattery to provide workmen's compensation for the decedent although he was employed by McNamee. Slattery complied with the statute. A claim for workmen's compensation was prosecuted by the administratrix and her husband, parents and sole next of kin of the deceased, before the Workmen's Compensation Commission of Connecticut which resulted in an award made March 30, 1960 of $35 per week payable to the claimants for a period of 312 weeks.

Under Connecticut law Slattery's compliance with the statutory provisions for workmen's compensation precludes a common-law action for personal injuries or a statutory action for wrongful death. (*Crisanti* v. *Cremo Brewing Co.,* 136 Conn. 529; *Zimmerman* v. *MacDermid, Inc.,* 130 Conn. 385; *Buytkus* v. *Second Nat. Bank,* 127 Conn. 316; *Hoard* v. *Sears Roebuck & Co.,* 122 Conn. 185.) Plaintiff concedes as much. Hence, there is no issue with respect to the Connecticut law.

The right to recover for personal injuries and the wrongful death of the decedent is governed by the *lex loci,* the law of Connecticut. (*Poplar* v. *Bourjois, Inc.,* 298 N. Y. 62, 66; *Baldwin* v. *Powell,* 294 N. Y. 130, 132; Restatement, Conflict of Laws, §§ 384, 391, 401.) Under Connecticut law, Slattery having procured and maintained workmen's compensation insurance, this action against it for the personal injuries and wrongful death of the decedent is not maintainable. It is immaterial that the decedent resided and was employed in the State of New York, wherein this action would be maintainable if it were the site of the occurrence, because the right of action arose in and is therefore governed by the law of Connecticut. (*Poplar* v. *Bourjois, Inc., supra; Baldwin* v. *Powell, supra.*)

*Barnhart* v. *American Concrete Steel Co.* (227 N. Y. 531) and *Jewtraw* v. *Hartford Acc. & Ind. Co.* (280 App. Div. 150) relied on by appellant are inapposite. They sustain contractual and statutory provisions for compensation in respect of personal injuries and wrongful death arising out of the employment, without regard to negligence, which exclude any other remedy therefor; they are also concerned with the law applicable in the determination of the exclusiveness of the remedy of workmen's compensation where the *lex loci* would otherwise sustain the action. We are not here concerned with whether the decedent's employment contract bars an action otherwise maintainable but rather with the basic right to maintain this action. This may be ascertained only by reference to the law of Connecticut which provides that workmen's compensation is the exclusive remedy for personal injuries and death arising out of accidental injury in the course of employment.

Rule 113 of the Rules of Civil Practice provides judgment may be awarded to the opposing party even in the absence of a cross motion. Defendant Slattery did not ask for summary judgment either at Special Term or on appeal. It may be entitled to that relief, however, if it has a good defense to the action. The material facts are undisputed and mandate summary judgment dismissing the complaint. (*Bolten* v. *Wemett,* 3 A D 2d 708; *Anderson* v. *City of New York,* 281 App. Div.

539, 541, affd. 306 N. Y. 803; *Bradley* v. *Roe,* 257 App. Div. 1005, revd. on other grounds 282 N. Y. 525; cf. *People* v. *Moskal,* 9 A D 2d 369, 372.)

The Appellate Division, as the successor of the General Term, possesses all of the original jurisdiction of the Supreme Court, including the hearing and determination of motions. (*Matter of Bar Assn. of City of N. Y.,* 222 App. Div. 580, 585; *Matter of Mitchel* v. *Cropsey,* 177 App. Div. 663, 674; *Matter of Barkley,* 42 App. Div. 597, 608.) On an appeal from an intermediate order resulting in a reversal or modification, the Appellate Division generally entertains jurisdiction of and decides the underlying motion. (Cf., however, *Flynn* v. *Dick,* 13 A D 2d 756, in which an order in the City Court was involved, where a different result might obtain.) The Court of Appeals, unlike the Appellate Division, has no original jurisdiction of a motion in an action or proceeding, and in the absence of an appeal therefrom it has held that it is without power to decide it. (*New York Cent. R. R. Co.* v. *Beacon Milling Co.,* 293 N. Y. 218, 222.)

The order denying plaintiff's motion for summary judgment should be modified, on the law, to the extent of directing summary judgment dismissing the complaint, and, as so modified, affirmed, without costs.

BREITEL, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order entered on or about September 9, 1960, denying plaintiff's motion for summary judgment unanimously modified, on the law, to the extent of directing summary judgment dismissing the complaint, and, as so modified, affirmed, without costs.