CORRINE EVARY *v*. THE E & F CONSTRUCTION COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 113245
AT NEW HAVEN

Memorandum filed November 16, 1967

*Winnick & Winnick,* of New Haven, for the plaintiff.

*Pouzzner & Hadden,* of New Haven, for the defendants.

GRILLO, J. The motion of the defendant Hamilton Manufacturing Company, Inc., hereinafter called the defendant, for a summary judgment is concerned with the applicability of § 31-291 of the General Statutes, the so-called principal employer section of the Workmen's Compensation Act,[1] with relation to the facts set forth in the complaint, the affidavit of the defendant, and its special defense. Practice Book § 303.

The complaint alleges (a) that the plaintiff was an employee of the Kelly Maintenance Company, which was engaged to clean a building known as Kline Science Center; (b) Kline Science Center was owned by Yale University, another defendant; (c) the defendant had been engaged to instal the furnishings in the center; (d) during cleaning of the furnishings in the center, a marble slab became dislodged and struck the plaintiff; (e) the plaintiff's injuries resulted from the negligence of the defendant, in addition to that of the other defendants, in failing to reasonably inspect the premises when

[1] "Sec. 31-291. PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

the defendant knew or should have known that the slab, unattached to the desk to be dusted, would become dislodged; (f) the defendant left the slab in an unsecured position; and (g) the defendant failed to secure the slab.

The defendant's affidavit recites (a) that the defendant was in the business of equipping office buildings; (b) it contracted with the plaintiff's immediate employer, Kelly Maintenance Company, to clean up after the furnishings were installed in the center; and (c) the plaintiff was injured while so cleaning and dusting the furnishings. The affiant, the representative of the defendant, would be able so to testify, the affidavit indicates. Practice Book § 300. The plaintiff filed no counter affidavit. Practice Book § 299. Thus the omission permits an inference that the plaintiff could not in good conscience oppose the facts stated. *Gancy* v. *Dohna*, 25 Conn. Sup. 138, 140. The affiant further averred that the defendant had "control" of the locality of the accident. This is a legal conclusion, and its bare assertion does not, in itself, justify a conclusion that no issue of fact relative to that element exists. *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613; *Holland* v. *Krawski*, 25 Conn. Sup. 406, 408.

The question whether the premises were under the defendant's control is crucial to its special defense, since it recites that at the time of the accident the plaintiff was the defendant's employee, invoking thereby the provisions of § 31-291, which insulates it from common-law liability in negligence. Section 31-284. The affidavit and the complaint clearly indicate that two of the three conditions of § 31-291 prevail: (a) principal employer-contractor relationship; (b) part or process of the business of the principal employer. *Battistelli* v. *Connohio, Inc.*,

138 Conn. 646, 649; see cases cited in footnote to § 31-291 in Bulletin No. 28 of Board of Commissioners (October 1, 1967).

Do the facts set forth in the complaint and affidavit support a conclusion of control by the defendant?

The word "control" has a variety of meanings. Words and Phrases, "Control." It is frequently used in statutes and can be given effect by the courts in accordance with the legislative intent expressed therein. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 217. The statute, § 31-291, was designed to protect workmen who were employed by a financially irresponsible contractor but who had no actual contractual relationship with the principal employer. *Bates* v. *Connecticut Power Co.,* 130 Conn. 256, 259. The phrase "premises under his control" implies some definite place, and there is no control where the "premises" are a highway. Id., 261. In *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 364, the principal employers were held to have the premises upon which excavation work was being done under their control. The right of a brewing company to have its contractor erect a sign on the wall of a package store was a mere license to enter and erect the sign (one act) and falls short of constituting control of the premises. *Wilson* v. *Largay Brewing Co.,* 125 Conn. 109, 112. The conditions and situation surrounding the injured employee were not sufficiently under the observation or control of the principal employer. See also *Downing* v. *Stamford Community Chest, Inc.,* 125 Conn. 728, 729.

To satisfy the words of the statute, the work must be carried on in some defined physical area. This area must be within the observation of the principal employer, thus affording the employer the opportunity, by sufficient oversight, to prevent or mini-

mize the danger to which the workman is exposed. "[T]he fundamental and principal intent of the legislature in using the phrase . . . ["premises under his control"] was to limit the principal employer's responsibility for accidents to such accidents as occurred within a definite, specified area. The use of the phrase 'under his control' is merely descriptive of that area." *Crisanti* v. *Cremo Brewing Co.,* 136 Conn. 529, 535. The fact that the premises were not owned by the defendant is irrelevant. *Kasowitz* v. *Mutual Construction Co.,* supra, 612. The cardinal consideration is the limitation of the area where the accident occurred and not the actual control of the implements causing the accident. *Crisanti* v. *Cremo Brewing Co.,* supra; note 105 A.L.R. 580, 591.

It is clear that the recitals in the affidavit, considered with the facts alleged by the plaintiff in her complaint, adequately describe a fixed area with the possibility of observation by the defendant and the attendant opportunity of the defendant to prevent the danger so as to satisfy the requisites of control as defined by judicial construction. Therefore, the defendant under the facts—uncontroverted by the plaintiff—is entitled to judgment. Practice Book § 303.

The motion is granted.