[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the basis that it is the plaintiff's principal employer under the worker's compensation statute and that, therefore, the plaintiff is limited to the benefits provided by that law. The plaintiff CT Page 2113 argues that a genuine issue of material fact exists; that is, whether the work performed by the defendant's subcontractor, the plaintiff's employer, was "part or process" of the defendant's business.
The defendant operates a parking garage. It hired the plaintiff's employer, a security guard company, to provide security for the garage and its patrons. The plaintiff argues that the defendant is not liable to patrons for damage or theft of their vehicles, as evidenced by a disclaimer on the tickets given to patrons, and, therefore, security is not part or process of the defendant's business. The argument cannot be sustained.
In Pacileo v. Morganti, Inc., 10 Conn. App. 261, 264
(1987), the court held:
 In Connecticut, there is a long line of cases explaining the meaning of "part or process." It has been defined as including "`all those operations which enter directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees on the prosecution of his business, it is a part or process in his business.'" Kasowitz v. Mutual Construction Co., 154 Conn. 607, 613, 228 A.2d 149 (1967), quoting Crisanti v. Cremo Brewing Co., 136 Conn. 529, 532, 72 A.2d 655
(1950). In Alpha Crane, this court reviewed additional, earlier cases and concluded that "it is clear that the part or process element is intended to include all of those tasks which are required to carry on the principal employer's business." Alpha Crane Service, Inc. v. Capitol Crane Co., supra, 76.
In the instant case, the affidavit of the defendant's vice president establishes without dispute that "part of the operation of running a parking garage is to provide security for the garage and its patrons." This may be true even though the garage might be able successfully to limit its legal liability for damage or theft to vehicles. There is no genuine question that the work performed by the plaintiff and his employer was part or process of the defendant's business. The defendant was, therefore, the principal employer of the plaintiff, and the plaintiff is limited to pursuing benefits under the worker's compensation laws.
The motion for summary judgment in favor of the defendant is granted. CT Page 2114
Maloney, J.