[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff sued the defendant property owner for injuries allegedly arising from a fall on February 5, 1988.
The incident is purported to have occurred near a sidewalk in a condominium project in Waterbury, Connecticut. At the time of the injury the plaintiff claims that he was in the course of his employment with CJA Construction.
The plaintiff received Worker's Compensation benefits as a result of injuries resulting from the incident of February 5, 1988.
The defendant, TRC Realty Corp., asserted special defenses under Connecticut General Statutes Sections 31-284 and 31-292; alleging that it was the employer of the plaintiff or alternatively the principal employer under Connecticut General Statutes Section 31-291.
The worker's compensation statutory scheme precludes personal injury actions against the employer or "principal employer". Connecticut General Statutes Sections 31-284 and 31-291. The rationale being that the worker's compensation statutory remedy is in lieu of common law claims against the employer or principal employer.
The evidence at trial established that the plaintiff, in the course of his employment at the project from 86-88, received all but three of his paychecks from the defendant. The other two paychecks were one from CJA Construction, one from Nader Associates and one from East Wood Condominium. The plaintiff's W-2 federal tax forms also were provided by the defendant. CT Page 2906
The plaintiff's supervisor, Paul Olshefski, also received his paychecks and W-2 form from the defendant.
The president of the defendant corporation, Charles Nader, is also the president and shareholder of CJA Construction and Nader Associates. When insufficient funds were in defendant's account, checks were used from other related companies, which were eventually reimbursed.
The plaintiff was supervised by Mr. Olshefski. Mr. Olshefski received supervision and direction from a CJA Construction foreman, Real Bonenfant, and Mr. Charles Nader, President of the defendant.
The work being performed by plaintiff was maintenance and construction work related to the general maintenance of the housing units and their preparation for sale as condominium units.
The defendant contracted with CJA for the remodeling of the housing units into condominium units. (Exhibit H).
CJA Ltd. employed a foreman, Real Bonenfant, but contracted out the remodeling work to subcontractors.
The plaintiff and his supervisor did work preparatory to the subcontractors work on a unit (straightening doors and nailing floors) or finish work after the subcontractors were done working on a unit.
The plaintiff contends that his employer was CJA Ltd. doing business as CJA Construction Company.
"The principal employer defense requires that three elements must be satisfied: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) The work must be on or about premises controlled by the principal employer; and (3) The work must be a part or process in the trade or business of the principal employer." Alpha Crane Services, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 72 (1986); Mancini v. Bureau of Public Works, 167 Conn. 189, 193, 355 A.2d 32
(1974).
"Where the evidence permits no real dispute as to the existence of these three conditions, a verdict may be directed." Gigliotti v. United Illuminating Co., 151 Conn. 114, 118,193 A.2d 718 (1963).
Assuming the plaintiff as he claims was employed by CJA, it was not disputed that the defendant had a contract with CJA for the remodeling of defendant's apartment units. (Exhibit H). This CT Page 2907 evidence meets the first test of the employer-contractor relationship in work for the principal employer (the defendant TRC).
The undisputed evidence was that the defendant TRC owned the housing complex where plaintiff worked and controlled, operated and managed such property. The second criteria for the defense is thus met. See Crisanti v. Cremo Brewing Co., 136 Conn. 529, 535,72 A.2d 655 (1950).
The final requirement of the principal employer defense is that the work must be a "part or process" in the trade or business of the principal employer. Alpha Crane Service, Inc. v. Capitol Crane Co., 6 CA 60 at 74.
The defendant corporation, the principal employer, was in the business of managing, operating and selling real estate. The plaintiff's work, both in the construction and maintenance aspects, were "part or process" of its real estate business.
". . . .This condition has been defined as including all those operations which enter directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, it is a part or process in his business." Alpha Crane Service, Inc. v. Capitol Crane, Co., supra at 6 CA 75 quoting Krasawitz v. Mutual Construction Co., 154 Conn. 607,613 (1967).
The defendant TRC Realty was the plaintiff's principal employer for purposes of the principal employer defense of Connecticut General Statutes Section 31-291.
Judgment must enter for defendant.
The evidence of the plaintiff's payment by the defendant and federal wage statements (W-2 forms) (Exhibits C D) would also meet the defendant's burden of proof by a preponderance of the evidence that it was the plaintiff's employer for purposes of Connecticut General Statutes Section 31-284, and entitled to judgment for that reason alone.
Judgment enters for the defendant on all counts.
McWEENY, J.