■ STANFILL PLUMBING & HEATING CORPORATION, Appellant, v NEW YORK ATHLETIC CLUB, Respondent. [688 NYS2d 141] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 20, 1998, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on its first cause of action and for leave to amend the pleadings to the proof and for other relief, unanimously modified, on the law, to deny defendant's motion with respect to that portion of plaintiff-appellant's first cause of action seeking payment of sums owed for work performed after July 15, 1993, to the extent of permitting plaintiff to assert claims for payment in the amounts of $90,375, $11,700 and $21,500, and to grant plaintiff's cross motion only insofar as to permit amendment of the pleadings to specify the aforementioned amounts, and otherwise affirmed, without costs.

Plaintiff plumbing subcontractor, although not originally in contractual privity with defendant, the owner of the premises upon which the subcontracted-for plumbing work was performed, on July 15, 1993 entered into an accommodation agreement with defendant pursuant to which defendant agreed to issue approved payments for subcontracted plumbing work jointly to plaintiff and Wolff & Munier, the general contractor. To the extent that this action seeks payment of amounts allegedly owing under the accommodation agreement, the motion court's grant of summary judgment dismissing the complaint was in error. Upon a search of the record (*see, De Rosa v Slattery Contr. Co.*, 14 AD2d 278, *affd* 12 NY2d 735), we conclude that there are issues of fact as to the extent and satisfaction of defendant's obligation under the accommodation agreement. Proof in the form of letters written by defendant's agent, construction project engineer Syska & Hennessy, indicates that, subsequent to the effective date of the accommodation agreement, payments to plaintiff in the three above-identified amounts were approved, but defendant has produced payment checks referable to the agreement amounting to only $62,000. While two of the three amounts claimed have been specified only on appeal and defendant should, of course, be afforded an opportunity to prove that it was not, despite the evidence of its agent's authorization, after all liable for the claimed amounts or that, if it was, payment was in fact rendered, it is clear that, on the present state of the record, defendant is not entitled to judgment as a matter of law with respect to plaintiff's first

cause of action (*see, Sommer v Federal Signal Corp.*, 79 NY2d 540, 554).

Summary judgment dismissing plaintiff's remaining claims for recovery in quantum meruit and for special damages was properly granted as those claims are not covered by, or referable to, the July 15, 1993 agreement, which is the only ground of privity between the plaintiff subcontractor and defendant (*see, Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 551). Concur—Ellerin, P. J., Tom, Wallach and Saxe, JJ.