### BRENDA LEE WILLIAMS *v.* AMERICAN TOTALISATOR COMPANY, INC.
### (6182)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Submitted on briefs May 16—decision released May 24, 1988

*Stuart T. Cadwell* and *Albert R. Annunziata* filed a brief for the appellant (plaintiff).

*Linda D. D'Albis* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. The sole issue before us is whether the trial court erred in granting summary judgment after concluding, as a matter of law, that there was an adequate, sufficient and necessary factual basis that the work procured by the defendant to be done by the plaintiff's employer was part or process of the defendant's business, within General Statutes § 31-291. The plaintiff conceded that this issue was a matter of law for the court to decide.

The trial court filed a complete and legally sound memorandum of decision granting summary judgment for the defendant. The court stated: "The vital issue herein is whether the work procured by the defendant to be done by the plaintiff's employer is part and process of the former's trade or business." The court correctly determined it would be such if the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business or as an essential part of the maintenance thereof. *Grenier* v. *Grenier*, 138 Conn. 569, 571, 87 A.2d 148 (1952).

The counteraffidavit submitted by the plaintiff does not contradict the defendant's documentary evidence which presents the following facts. The defendant's business was the operation of a wagering facility to which the public was invited. An indispensible part of that operation was providing food services for its

patrons. The defendant monitored the food service company which employed the plaintiff and received a percentage of the income from its sales. Thus, the duties performed by the plaintiff were those which ordinarily would have been performed by the defendant's employees in the operation of its business.

The plaintiff, as an employee of the food service company, is barred from instituting an action against the defendant for an injury sustained in the course of her employment and is limited to workers' compensation benefits under General Statutes § 31-291.

There was no genuine issue as to any material fact in this case and the applicable law required the entry of a summary judgment for the defendant. *Genco* v. *Connecticut Light & Power Co.,* 7 Conn. App. 164, 175, 508 A.2d 58 (1986).

There is no error.