[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #114
This is an action wherein plaintiff claims; compensation which occurred on premises allegedly owned by defendant, possessed, CT Page 1140 managed or maintained by defendant. At the time of the incident plaintiff was in the employ of Saybolt, within the scope of the Workers' Compensation Act and said injuries arose out of and in the course of said employment. Saybolt paid compensation to plaintiff and has been permitted to intervene. Defendant has filed a special defense against Saybolt.
This special defense alleges that "plaintiff's claim is barred by the Workers' Compensation Act and more particularly section 31-284 and section 31-291 of the Connecticut General Statutes, which bars an employee from making any [independent non workers' compensation] claim against a principal employer as defined by those statutes and the case law interpreting same. The defendant had previously filed this special defense against the original plaintiff.
On July 13, 1990, the defendant moved for summary judgment as to both plaintiffs. In support of its motion, defendant filed a memorandum, an affidavit by a Norwalk Oil division president and field shore barge reports. The plaintiffs each filed a memorandum opposing summary judgment. Additionally, Saybolt and Ruggiero each filed a copy of the plaintiff's affidavit, and Ruggiero also submitted the defendant's answer to an interrogatory and Ruggiero's own affidavit.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989); Conn. Practice Bk. 384 (1978, rev'd to 1989). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The defendant argues that summary judgment is appropriate because Ruggiero cannot sue the defendant as a matter of law under the principal employer doctrine, found at Conn. Gen. Stat. 31-291. The state in effect when the plaintiff was injured provides:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the CT Page 1141 intervention of such contractor or subcontractor.[1]
Accordingly, three conditions must be met for the defendant to assert the principal employer defense. The parties do not dispute two: (1) that the defendant contracted with Saybolt to perform work and (2) that the work was performed on premises controlled by the defendant.
Summary judgment is inappropriate because the third requirement creates a material question of fact. The defendant argues that the work performed by Ruggiero was "a part of process" of the defendant's business operations in that it was "an essential function of the defendant's operation" and "a routine inspection necessary to determine the quality and quantity of the oil."
Ruggiero and Saybolt argue that the work performed for the defendant was not "a part or parcel" of the defendant's operations because it was not "of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business." Plaintiffs' memoranda quoting King v. Palmer, 129 Conn. 636, 641 (1973). The plaintiffs argue that:
 [t]he work of the product inspector . . . required an independent determination of product qualities and quantities for a barge or tank load of oil. . . . The nature of the work required specialized skill and training and the exercise of an unbiased and independent judgment, putting the task `well outside of the capabilities of the defendants' ordinary employees.' See Battistelli v. Connohio, Inc, 138 Conn. 646, 648 (1952).
Although courts have upheld the grant of summary judgment on the "part or process" issue, see Williams v. American Totalisator Co., Inc., 15 Conn. App. 806 (1988) Pacileo v. Morganti, Inc.,10 Conn. App. 261 (1987), the parties' arguments create a material question of fact. "Generally . . . whether the work in which the independent contractor is engaged is a `part or process in the trade or business' of the principal employer is a question of degree and fact." Mancini v. Bureau of Public Works, 167 Conn. 189,195 (1974). Accordingly, the court denies the defendant's motion for summary judgment.
DONALD T. DORSEY, JUDGE
FOOTNOTE CT Page 1142