LIAM DOYLE *v.* STEVEN FINITSIS ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE NO. 89410
                        WATERBURY

Memorandum filed January 9, 1992

*Lane & Lane,* for the plaintiff.

*Marsh, Day & Calhoun,* for the named defendant et al.

*Rosenbaum & Brennan,* for the defendant A. Fiorillo & Company, Inc.

*Justin J. Donnelly, Sr.,* for the defendants Robert C. Fielding, Nathan Rosenberg and Alfred B. Winslow.

BLUE, J. This case addresses an important question concerning the application of the principal employer statute, General Statutes § 31-291, to a purchaser of supplies. Two defendants in the present negligence action, Steven and Susan Finitsis (Finitsises), have filed a motion for summary judgment claiming that they were principal employers of Liam Doyle, the plaintiff, and that the Workers' Compensation Act, General Statutes § 31-284, consequently provides Doyle's exclusive remedy against them. The parties have filed appropriate affidavits, and Doyle admitted at oral argument that there is no genuine issue as to any material fact. Since the court concludes, however, that the moving parties are not entitled to judgment as a matter of law, their motion for summary judgment must be denied. Practice Book § 384.

The following facts appear from the affidavits and pleadings. The Finitsises owned a bakery in Wilton known as the Sweet Temptation Pastry Shop. The shop sold freshly made pastries and other baked goods to retail customers. A bakery obviously needs flour to operate. The Finitsises contracted with a delivery company known as A. Fiorillo and Company, Inc. (Fiorillo), to supply it with regular deliveries of flour.

Doyle was an employee of Fiorillo. On February 19, 1987, he delivered flour to the Finitsises' bakery. Doyle sustained the injury he complains of in the basement of the bakery during the course of his delivery. He claims to have been struck when a large sack of flour fell down a negligently designed chute.

At the time of the accident, General Statutes (Rev. to 1987) § 31-291 provided: "When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

In *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 133, 157 A. 860 (1932), the Connecticut Supreme Court held that since it was the object of the statute to protect employees against the possible defeat of their rights under the Workmen's Compensation Act, " '[i]t was undoubtedly the intention of the legislature . . . to take away from employees who should become subject to its provisions all other remedies that they had against their employers . . . and to substitute for such remedies the wider right of compensation given by the Act.' "

The Appellate Court has explained that "[t]he principal employer defense requires that three elements must be satisfied: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer." *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 72, 504 A.2d 1376, cert. denied, 199 Conn. 807, 508 A.2d 769 (1986). While "[e]ach of these elements ordinarily constitutes a question of fact to be determined by the jury"; id.; here, it is conceded that no material differences of fact exist between the parties for purposes of this motion. Each of the three elements "must be found to exist . . . in order for the statute to be applicable." A. Wolf, "An Analysis of the Principal Employer Statute," 29 Conn. B.J. 318, 320 (1955). Since the court concludes that the third "part or process" element does not exist here, it is unnecessary to examine the first two elements.

The principal employer statute by its terms does not apply unless "the work . . . procured to be done is a part or process in the trade or business of [the] principal employer . . . ." General Statutes § 31-291. The leading case defining the term "part or process" is *King* v. *Palmer,* 129 Conn. 636, 30 A.2d 659 (1943). *King* v. *Palmer,* supra, 640–41, explains that the term includes "all those operations which entered directly into the successful performance of the commercial function of the principal employer." It does not, however, include work that "only affords facilities for the conduct of his trade or business . . . ." Id., 641. *King* v. *Palmer,* supra, 641, concludes that "[i]f the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business . . . it is a part or process of his work."

Here, the business of the Finitsises' bakery was baking. Although flour is necessary for baking, the Finitsises have not indicated in their affidavits that any of their employees either manufactured or delivered flour. On the contrary, it appears from the affidavits that the bakery depended on Fiorillo and other outside vendors to supply it with flour. This is akin, in the language of *King* v. *Palmer,* supra, 641, to work that "affords facilities for the conduct of [the] trade or business." It was not "part or process" of that business.

It is, of course, possible for a manufacturer to enter into a vertical merger with a supplier and become, in effect, its own supplier. See, e.g., *Standard Oil Co.* v. *United States,* 337 U.S. 293, 69 S. Ct. 1051, 93 L. Ed. 1371 (1949). If a manufacturer does, in fact, do this, the work of bringing in supplies would then become work of a character ordinarily performed by the manufacturer's own employees. The critical question, however, is not whether such an arrangement is theoretically possible but whether it, in fact, exists. It is the actual practice of the principal employer on which the application of the statute turns. See *Crisanti* v. *Cremo Brewing Co.,* 136 Conn. 529, 532–33, 72 A.2d 655 (1950).

In the present case, the actual practice of the bakery was to bake pastries and to sell them. The business of supplying the bakery with flour was, as far as the bakery's own submissions indicate, not that of its employees but of nonemployees, such as Fiorillo. The work that Fiorillo and Doyle were performing was not part or process of the Finitsises' trade or business. Consequently, their motion for summary judgment must be denied.