[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of the alleged breach of a construction contract. Plaintiffs, Thomas Balderston and the Estate of Louise Balderston (hereinafter the "Balderstons"), allege in their revised complaint that they entered into a written contract with defendants, Steven Shoals and Shoals Construction Inc., of Wilton, general contractors, (Shoals), on or about July 6, 1988, for approximately $620,000.00 for the construction of a residential dwelling on property owned by the Balderstons in Riverside, Connecticut. Plaintiffs allege that defendants abandoned the project prior to completion, failed to pay the subcontractors as stipulated in the contract, converted funds received from the Balderstons for their own purposes, committed fraud, and were negligent in the construction of the basement causing damage to the dwelling. Plaintiffs also added a count alleging that Shoals violated General Statutes 42-110a, the Connecticut Unfair Trade Practices Act (CUTPA) on March 22, 1993.
Defendants filed a number of special defenses including breach of contract, waiver and estoppel, and a counterclaim. The counterclaim is in two counts and defendants allege in the first count that plaintiffs breached the construction contract by failing to pay for work and services provided by Shoals. In the second count defendants allege that plaintiffs have been unjustly enriched in the amount of $104,000.00.
On February 16, 1993, plaintiffs filed a motion for summary judgment (#134), which appeared on the motion calendar on March 22, 1993, as to counts one and two of defendants' counterclaim. The Balderstons contend that no genuine issues of material fact exist which would support defendants' allegations in their counterclaim. In support of their motion for summary judgment, plaintiffs submitted a memorandum of law, excerpts of deposition testimony of CT Page 6498 Steven Shoals, a copy of defendants' answer, special defense and counterclaim to plaintiffs' revised complaint, and an affidavit by the attorney for plaintiffs attesting that the deposition excerpts are "true copies" of Steven Shoals' deposition and that the defendants' pleadings are "true copies" (Affidavit by Amy Starobin, dated February 12, 1993). Defendants have not filed a memorandum of law in opposition to summary judgment or any controverting affidavits.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party moving for summary judgment beers the burden of proving the absence of a dispute as to any material fact." (Citation omitted.) Id. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.) Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). Moreover, "[a] motion for summary judgment shall be supported by such documentation as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . ." Practice Book 380.
Deposition testimony submitted in support of summary judgment must be certified. Practice Book 380. Copies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgment. Gough v. Town of Fairfield, 7 CTLR 50 (August 3, 1992). Furthermore, in concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985), noted the following:
 The primary purpose of a deposition . . . is discovery. . . . Responses to interrogatories are not judicial admissions in contrast to admissions in a pleadings or in open court . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200. At trial, in open court, the testimony of . . . [the deponent] may contradict her earlier statements and a question for the jury to decide may then emerge. . . .
(Internal citations omitted.) CT Page 6499
In the present action, plaintiffs have submitted uncertified copies of Steven Shoals' deposition testimony in which Shoals responds "no" to the question of whether any money is owed the defendants by the Balderstons. Because these uncertified copies of Schoals' deposition testimony are the only evidence submitted by plaintiffs in support of their motion, plaintiffs have not met their burden of establishing that no genuine issue of fact exists as to whether money is owed to Shoals, as alleged in defendants' counterclaim. This defect could, of course, be remedied by complying with Practice Book 380. However, because Shoals' testimony at trial with respect to whether plaintiffs owe any money to Shoals Construction may contradict or differ from his earlier statement made during the deposition, a question of fact for the jury to decide may arise.
On the other hand, defendants have failed to submit any papers in opposition to plaintiffs' motion. Whether a certified copy of the deposition, combined with an affidavit by plaintiff and no opposition from defendants, would suffice for the entry of a summary judgment must await another day. In the meantime, plaintiffs' motion for summary judgment is denied without prejudice.
So Ordered.
Dated at Stamford, Connecticut this 1st day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE