[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment on the ground that Connecticut General Statutes 31-291, the principal employer defense under the Worker's Compensation Act, bars the actions of the plaintiffs and their immediate employer.
The following facts are not disputed by the parties. Automotive Controls Corporation ("ACC"), a subdivision of Echlin Manufacturing Co. ("Echlin"), manufactures replacement automotive parts. As a part of ACC's manufacturing process, the parts pass through a spray paint booth. ACC's in house plumber installed the initial sprinkler system in the booth in 1986. After receiving recommendations from its insurers to modify the fire protection system in the booth, ACC contracted with the James V. Ursini Company ("Ursini") to modify the system.
On April 1, 1987, a fire started while plaintiff Jose Collazo ("Collazo") and plaintiff Bonnie Oberdick's decedent, Alton Oberdick ("Oberdick"), Ursini employees, were working in the booth. As a result of the fire, Collazo was seriously injured and Oberdick died. The plaintiffs received worker's compensation benefits as a result of the injuries.
On June 30, 1987, Bonnie Oberdick filed a three count amended complaint against ACC and Echlin. In count one the plaintiff alleges that Oberdick's injuries were caused by ACC's negligence because ACC failed to take proper safety precautions, failed to take steps to prevent the accumulation of flammable substances when ACC knew or should have known of the presence of such materials, failed to warn the Ursini employees of the danger and failed to promulgate and enforce adequate safety regulations. In count two the plaintiff alleges that Echlin, as parent CT Page 7880 corporation to ACC, assumed supervisory and inspection duties at the ACC plant. The plaintiff alleges that Echlin failed to promulgate safety rules, failed to properly inspect the ACC plant and failed to properly supervise ACC operations. Count three is a loss of consortium claim.
On August 15, 1988, Jose and Crystal Collazo filed a two count complaint against ACC and Echlin. In count one Collazo alleges that the fire was caused by the negligence of ACC and Echlin because the defendants allowed flammable residue or fumes to accumulate in the booth, did not shut down the booth long enough to ensure removal of the residue or fumes, did not provide an adequate ventilation or exhaust system in the booth or properly maintain the existing system, and did not warn the Ursini employees of the danger. Count two is a loss of consortium claim brought by Crystal Collazo.
Ursini's motions to intervene in the original Oberdick complaint and the Collazo complaint, to recover amounts paid as worker's compensation benefits, were granted by the court. The defendants filed an answer, four special defenses and a counterclaim against Ursini in each case. The four special defenses were: (1) the negligence of Ursini, (2) ACC is a principal employer, (3) Echlin is a principal employer, and (4) the loss of consortium claims are derivative actions also barred by the principal employer defense.
On January 29, 1993, the defendants filed a motion for summary judgment directed to the operative complaint and intervening complaint in each case on the ground that the action is barred by the principal employer defense, General Statutes31-291. The defendants filed in Oberdick, and incorporated by reference in Collazo, a supporting memorandum of law and five exhibits including an uncertified copy of the Ursini/ACC contract, affidavits of George Rockwell, ACC maintenance supervisor, Thomas Leone, ACC in-house plumber, and Attorney Margaret Little who attested to the accuracy of copies of photographs of the accident scene, and a certified copy of excerpts of the deposition of George Rockwell.
On April 1, 1993, the plaintiffs filed a memorandum in opposition to the defendants' motion for summary judgment accompanied by seven exhibits including the affidavits of Frank Watkinson, Theodore Oberdick and Robin Fennimore, and uncertified copies of excerpts from the depositions of James Condon, Thomas CT Page 7881 Leone, George Rockwell, and Theodore Oberdick.
On June 4, 1993, the defendants filed a reply memorandum to the plaintiffs' memorandum in opposition accompanied by four appendices. Appendix I contains a rebuttal to plaintiffs' statement of facts, and also contains the fire safety codes and regulations in effect at the time of the accident. Appendix II contains the appropriate licensing statutes and regulations. Appendix III contains the affidavit of Laurel Van Wilgen, who investigated the licensure of Ursini employees for the defendants' attorney. Appendix IV contains certified copies of excerpts from the depositions of Mark Fayette, George Rockwell, Dennis Herzog, Walter Kichler, Frank Gruber, Anthony Guarnieri, Thomas Leone, Jose Collazo, Alan Spose, Theodore Oberdick, David Spose, and Glen Smith, and selected interrogatory responses of the Ursini Co.
Plaintiff Collazo filed a reply memorandum on June 22, 1993, and plaintiff Bonnie Oberdick filed an additional reply memorandum on July 14, 1993.
A motion for summary judgment should be granted "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991); Practice Book 384. The burden of demonstrating the absence of any material fact is on the party moving for summary judgment. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The court will view the facts in the light most favorable to the nonmoving party. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980). The party opposing the motion for summary judgment must substantiate its claim that there is a genuine issue of material fact with evidence; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991); mere assertions of fact are insufficient to establish the existence of a disputed material fact. Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. The plaintiffs filed uncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do CT Page 7882 not constitute `proof' or `documentary evidence.'" Langlais v. Guardian Life Insurance Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.). If evidence is inadmissable [inadmissible] at trial, it is insufficient to support a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34, 39, 483 A.2d 415 (1990). Uncertified copies of excerpts of deposition testimony are not admissible as evidence and do not comply with the requirements of Practice Book 380. The deposition testimony provided by the plaintiffs is not considered by the court in evaluating this motion for summary judgment.
Even if the plaintiffs had provided certified copies of deposition testimony, as did the defendants, excerpts of depositions are insufficient to support a motion for summary judgment. "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985), citing General Statutes 52-200; see also Balderston v. Shoals Construction, Inc.,9 Conn. L. Rptr. 343 (July 1, 1993, Lewis, J.). Depositions are ordinarily used for impeachment purposes; Practice Book 248(a)(1); and are admitted into evidence only "so far as admissible under the rules of evidence" in certain limited circumstances. Practice Book 248(1)(b), (d). The court does not consider the deposition testimony in deciding the motion for summary judgment.
The defendants base there motion for summary judgment on the principal employer defense provided by the Worker's Compensation Act. General Statutes 31-291 (rev'd to 1987) provides:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor of subcontractor.
In the circumstances described in 31-291, worker's compensation benefits are the exclusive remedy for an injured worker, even when the worker is employed by the subcontractor.[1]
CT Page 7883 Mancini v. Bureau of Public Works, 167 Conn. 189, 193,355 A.2d 82 (1974); General Statutes 31-384 (a).
To establish the principal employer defense and, thus, their immunity from suit, the defendants must establish three elements:
 (1) the relations of principal employer and subcontractor must exist in work done wholly or in part for the principal employer; (2) the work must be on or about the premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer.
Pacileo v. Morganti, Inc., 10 Conn. App. 261, 263, 522 A.2d 841
(1987); Mancini v. Bureau of Public Works, supra, 193. The first two elements are not disputed by the parties. They do disagree, however, whether the third element is satisfied in this case. Accordingly, this memorandum will focus on the third element.
Work is "a part or process in the trade or business of the principal employer" if it enters directly into the successful commercial activity of the principal employer. Crisanti v. Cremo Brewing Co., 136 Conn. 529, 532, 72 A.2d 655 (1950); Alpha Crane Services, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 76,504 A.2d 1376, cert. denied, 199 Conn. 807, 508 A.2d 769 (1986). This element includes tasks necessary to carry on the business as well as the main tasks performed by the business. Alspha Crane Services Inc. v. Capitol Crane Co., supra; see, e.g., Hoard v. Sears Roebuck Co., 122 Conn. 185, 188 A. 269 (1936) (removal of rubbish by contractor); Massolini v. Driscoll, 114 Conn. 546,159 A. 480 (1932) (driving a team of horses to cart rubbish for the city); Fox v. Fafnir Bearing Co., 107 Conn. 189, 139 A. 778
(1928) (washing windows in factory); Gedeon v. First National Supermarkets, Inc., 21 Conn. App. 20, 24-26, 571 A.2d 123, cert. denied, 215 Conn. 804, 574 A.2d 220 (1990) (repairing and maintaining trucks used in food distribution business); Williams v. American Totalisator Company, Inc., 15 Conn. App. 806,807-808, 543 A.2d 1347 (1988) (providing food services to patrons of wagering establishment where establishment receives percentage of proceeds); Lindsey v. Schwartz Parking, Inc.,2 Conn. L. Rptr. 354 (September 10, 1990, Maloney, J.) (providing security services in a parking garage).
In Fox v. Fafnir Bearing Co., supra, 195 the Connecticut CT Page 7884 Supreme Court stated:
 Any work which was an essential part of the maintenance and operation of its factory was a part of its "trade or business," though not a process in the actual work of manufacturing ball bearings. A helpful, but not necessarily conclusive, inquiry is whether the work in question is of a character that ordinarily would be performed in the factory by its regular employees. Such a test would ordinarily exclude from the benefits of the act work performed for one who had a contract with the owners for making repairs or building an addition to the factory building . . . .
The court applied this language in Bogoratt v. Pratt Whitney Aircraft Co., 114 Conn. 126, 157 A. 860 (1932), where it held that construction of a new factory building was not a part or process of the defendant's trade or business. Id., 136, 139. In Battistelli v. Connohio, Inc., 138 Conn. 646, 88 A.2d 372 (1952), the defendant manufactured ice. When an ice machine malfunctioned, the defendant's employees temporarily repaired a defect in the wiring. The defendant then contracted with the plaintiff's employer to have the wires replaced by a skilled electrician. Id., 647-48. The court in Battistelli v. Connohio, Inc., held that work performed by the plaintiff was not a part or process in the trade or business of the defendants. Id., 649; see also Grenier v. Grenier, 138 Conn. 569, 87 A.2d 148 (1952) (removal of portion of building and installation of new roof not part of auto sales and repair business); Brown v. Waterbury Battery Co., 129 Conn. 44, 26 A.2d 467 (1942) (erecting partition in plant not part of battery-making business).
In cases in which the work performed "only affords facilities for the conduct of [the principal employer's] trade or business, . . . [i]f the work is of such a character that it ordinarily or appropriately would be perfomred [performed] by the principal employer's own employees in the prosecution of its business . . . it is a part or process of [the principal employer's] work." King v. Palmer, 129 Conn. 636, 641, 30 A.2d 659 (1943); see also Doyle v. Finitsis, 42 Conn. Sup. 168, 170, 608 A.2d 1191 (1992, Blue, J.) (providing flour for bakery not part or process of the business of a bakery). CT Page 7885
The defendants claim that the spinkler [sprinkler] work being done by Oberdick and Collazo was part of ACC's business. They point to the facts that a licensed plumber employed by ACC had installed the original sprinkler system in the spray booth and performed regular maintenance and repairs on the sprinkler system in the plant. (Affidavit of Thomas Leone, ACC plumber). The defendants argue that the only reason ACC contracted with Ursini was that the in-house plumber was too busy with other plumbing work to do the job. (Affidavit of Thomas Leone).
To prevail on their motion for summary judgment, the defendants must establish that there is no genuine issue of material fact whether the principal employer defense applies to ACC and Echlin. Therefore, the defendants must show that there is no genuine issue of material fact whether installing spinklers [sprinklers] in the spray paint booth was a part of process of ACC's business. In their briefs and at oral argument, the defendants claimed that ACC's business was more expansive than merely manufacturing automotive parts, and that ACC manufactured many of the machines used in the manufacturing process. The defendants provided no support for these claims.
The work will be part or process of ACC's business only if the work would ordinarily have been performed by ACC employees. In affidavits provided by the defendants in support of their motion for summary judgment, George Rockwell, the ACC maintenance supervisor, stated that Ursini had previously done sprinkler work at ACC, and Thomas Leone, the ACC in-house plumber, described his sprinkler work as repair and maintenance of the existing sprinkler system. The plaintiffs provided the affidavit of Thomas Oberdick, an Ursini supervisor, who stated that Ursini had done a great deal of sprinkler work at ACC. These statements raise a genuine issue of material fact whether ACC employees would ordinarily do this work. Whether ACC employees were able to do the work is not the issue before the court. The question is whether they ordinarily do so. Doyle v. Finitsis, supra.
Because there is a question of fact regarding the actual practices at ACC, the defendant's motion for summary judgment is denied. Also, because it is unclear whether the principal employer defense applies to ACC, it is also not clear whether the principal employer defense applies to ACC's parent corporation, Echlin. CT Page 7886
Donald W. Celotto, Judge
All counsel are congratulated on the excellence of their respective briefs and presentations.