[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CT Page 9275-S
By motion dated May 7, 1993, the defendants, Michael Cassello and Ann Cassello, have moved for summary judgment in their favor claiming that there is no genuine issue of material fact that any negligence on their part caused the injuries alleged by the plaintiff.
FACTUAL BACKGROUND
By complaint dated April 27, 1989, the plaintiff, Teresa Pires, seeks to recover damages for injuries she sustained in an explosion allegedly caused by the negligence of the defendants. According to the complaint, on May 1, 1987, the plaintiff's husband, Manuel Pires, purchased certain real property from the defendants, Michael P. Cassello and Ann B. Cassello. The complaint alleges that prior to the sale of the property, the defendants negligently kept an explosive device at the premises, which was not removed at the time of the sale. The complaint alleges that the defendants knew, when they delivered the property to Manuel Pires, CT Page 9275-T that he was going to reside thereon with his family, including his wife, the plaintiff. On March 16, 1988, the plaintiff, allegedly believing the explosive device to be a candle, lit the end of the device. The device then exploded, causing the plaintiff's injuries.
The plaintiff alleges that the defendants negligently failed to warn of the presence and character of the device, and failed to inspect and deliver the premises free and clear of any inherently dangerous conditions. The plaintiff further alleges that the defendants violated General Statutes 29-93 (now 29-353) regarding the marking of explosive compounds. On July 3, 1990, the defendants filed an amended answer and special defense alleging contributory negligence on the part of the plaintiff.
On May 11, 1993, the defendants filed a motion for summary judgment on the ground that there is no genuine issue of material fact that any negligence on their part caused the injuries alleged by the plaintiff. In support of their motion the defendants filed a memorandum of law, uncertified excerpts from the depositions of the plaintiff and Armindo Pires; and a copy of the defendant CT Page 9275-U Michael P. Cassello's affidavit.
On September 1, 1993, the plaintiff filed a memorandum in opposition to the defendants' motion, attaching the following exhibits: a copy of the Wallingford Police Department incident report; a copy of the plaintiff's complaint, and the affidavit of Manuel Pires.
LEGAL DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary CT Page 9275-V manner." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,199, 319 A.2d 403 (1972).
As an initial matter, the uncertified deposition testimony submitted by the defendants may not be used in deciding the present motion for summary judgment. See Oberdick v. Allendale Mutual Insurance Company, 9 Conn. L. Rptr. 607, 609 (August 25, 1993, Celotto, J.); Balderston v. Shoals Construction, 9 Conn. L. Rptr. 343-44 (July 1, 1993, Lewis, J.). Further, the statements contained in the police report submitted by the plaintiff in opposition to the defendants' motion are likewise not properly before the court. According to the police report, Manuel Pires indicated to the police that the explosive was on the premises when the property was purchased from the defendants. Inasmuch as these statements are not based on the officers' personal observations, they are inadmissible hearsay and are therefore insufficient to defeat the defendants' motion. Fogarty v. Rashaw, 193 Conn. 442,444, 476 A.2d 582 (1984).
Addressing the merits of the defendants' motion, however, a question of fact does exist as to whether the explosive device was CT Page 9275-W on the premises at the time of the sale to Manuel Pires. In his affidavit Michael P. Cassello states that he "never stored, transported or used any explosive device," nor did he have "any knowledge of such a device being on the premises . . . at the time of the sale of the property." The counter-affidavit of Manuel Pires states that "Upon moving into the house, I notice[d] the bomb which appeared to be a candle." This affidavit further states that "The explosive device was in the house when we moved in."
Since a question of fact exists as to the presence of the explosive at the time of the sale of the property, the defendants' motion for summary judgment must be denied.
Based on the foregoing, the defendants' motion for summary judgment is denied.
So ordered.
Michael Hartmere, Judge CT Page 9275-X