[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to decide whether any such issues exist. Nolan v. Barkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The party seeking summary judgment has the CT Page 11067 burden of showing the non-existence of any material fact. Scinto v. Stamm, 224 Conn. 524, 531, 620 A.2d 99 (1993). Therefore, "[i]n deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 146,571 A.2d 116 (1990).
In their memorandum of law, Michael and Peter Petranca assert that Michael Petranca "did not hit the plaintiff's car." Instead, they argue that Michael Petranca "was pushed into the Green car when he was rear-ended" by the vehicle being driven by the defendant Robin Griskus. They therefore conclude that the accident was not due to any negligence on their part.
The plaintiff asserts that there are material issues of fact which would render summary judgment inappropriate.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
The superior court has refused to grant motions for summary judgment which are supported by uncertified deposition testimony. Gough v. Town of Fairfield, 7 Conn. L. Rptr. 50
(July 9, 1992, Lewis, J.); Balderston v. Shoals Construction, Inc., 9 Conn. L. Rptr. 343 (July 1, 1993, Lewis, J.); Carroll v. Topolski, 4 Conn. L. Rptr. 503 (September 12, 1991, Santos, J.). In the present case, the deposition testimony attached by the defendants is not certified. Furthermore, "[a] response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). "The primary purpose of a deposition . . . is discovery." Id. Therefore, deposition testimony is not adequate to support a motion for summary judgment because, at trial, the deponent may contradict a statement made during a deposition, thereby raising an issue for the trier of fact. Balderston v. Shoals Constructions, Inc., supra, 344, citing Esposito v. Wethered, supra, 645. Accordingly, the deposition testimony offered by the defendants is insufficient to support their motion for summary judgment.
The police officer who filled out the police report did not personally observe the accident, instead, he entered the CT Page 11068 information based on the observations of others. Accordingly, the police report offered by the defendants is inadmissible hearsay. See Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984). Similarly, the uncertified transcript of Michael Petranca's telephone conversation would also be inadmissible. See Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). The three attachments offered by the defendants are inappropriate to support their motion for summary judgment.
Furthermore, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984).
 Summary Judgment procedure is especially ill adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . the conclusion of negligence is necessarily one of fact.
Spencer v. Good Earth Restaurant, 164 Conn. 194, 198,319 A.2d 403 (1972).
The present case involves a mixed question of fact and law which is inappropriate for summary adjudication. Accordingly, the defendants' motion for summary judgment is denied.
/s/ Sylvester SYLVESTER, J.