[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 11394
This matter was assigned for trial at which time the plaintiffs were permitted to amend the complaint, dated November 5, 1993. Thereafter, the defendants moved for summary judgment on counts one and two of the amended complaint.
In moving for summary judgment, the defendants contend that a deposition of one of the plaintiffs is conclusive on the issue of whether the plaintiffs did, in fact, rely upon representations of the defendants and/or their agents. The defendants also move for summary judgment on paragraphs 6(1) and 7(1) of count two on the ground that no claim for intentional or negligent misrepresentation relating to the land described in the deed and the land actually conveyed was made within the three year statute of limitations for misrepresentation, 52-577, General Statutes.
The plaintiffs submitted documentation in opposition to the motion for summary judgment. "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641, 496 (1985). Even where a transcript is certified, excerpts from deposition testimony are insufficient to support or oppose a motion for summary judgment. Balderston v. Shoals Construction, Inc., 9 Conn. L. Rptr. 343 (July 1, 1993, Lewis, J.).
Since statements made at a deposition may be contradicted at trial, material issues of fact remain for the jury to determine. Balderston, supra, at 344.
Under our practice, "there is no rule which allows a defendant to obtain summary judgment as to one or more, but not all, of the claims of negligence made in a single count. . ." Tracy v. Charisma Aviation, Ltd., 8 Conn. L. Rptr. 282 (February 29, 1993 (sic) Hadden, J.).
As a general rule, "[a]mendments to a complaint relate back to the date of the complaint unless they allege a new cause of action." Giglio v. Connecticut Light and Power Co., 180 Conn. 230,239 (1980). In amending a complaint, a party may properly "amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Sharp v. Mitchell, 209 Conn. 59, 71-72 (1988). CT Page 11395
In the instant case, the plaintiffs have specified and expanded upon claims of misrepresentation that were alleged in the original complaint. The defendants objections go to two of several allegations of misrepresentation. No new cause of action is alleged. See, Nipere v. Johnston, 6 Conn. L. Rptr. 112 (February 28, 1992, Lewis, J.); Sharp v. Mitchell, supra, where summary judgment was granted upon a determination by the court that the "amendment" involved stated a new cause of action.
The motion for summary judgment is denied.
BY THE COURT LEANDER C. GRAY, JUDGE