[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Summary judgment should be granted if the pleadings and supplementary documentation show that, "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). The evidence submitted should be viewed in the light most favorable to the non-moving party. Johnson v. Meehan,225 Conn. 528, 535, 626 A.2d 244 (1993). Both parties are required to file an affidavit or other supporting documentation. Practice Book 380; see Batick v. Seymour, 186 Conn. 632, 645
n. 9, 443 A.2d 471 (1982).
"[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 139,491 A.2d 389 (1985). Consequently, deposition testimony that is not certified by the deponent should not be considered on a motion for summary judgment. Balderston v. Shoals Construction, Inc., 9 Conn. L. Rptr. 343, 344 (July 1, 1993, Lewis, J.), citing Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222
(1985); see also Gough v. Town of Fairfield, 7 Conn. L. Rptr. 50
(July 9, 1992, Lewis, J.); Carroll v. Topolski,4 Conn. L. Rptr. 658
(September 12, 1991, Santos, J.). The deposition testimony submitted by the defendant is not properly certified and, therefore, shall not be considered on this motion for summary judgment.
"Although the party seeking summary judgment has the burden CT Page 561 of showing the non-existence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993). The party opposing a motion for summary judgment is "obligated, to file an affidavit [or other supporting documentation] reciting evidentiary matter to establish the existence of a genuine issue as to a material fact." Conference Center Ltd. v. TRC, 189 Conn. 212, 217,455 A.2d 857 (1983). If the opposing party fails to set forth specific facts in dispute, the court may rely on the facts recounted in the affidavit of the party moving for summary judgment. Kakadelis v. DeFabritis, 191 Conn. 276, 280-82,464 A.2d 57 (1983).
In the present case, the defendant has stated in his affidavit that he and the plaintiff were fellow employees at the time of the incident and that their argument related to whether or not the plaintiff had a right to take a roll from the grinding room and to use it in mill operations without first obtaining permission from the defendant. The plaintiff has alleged in his complaint that the incident took place at Somer Thin Strip, and that the parties "had an argument about the use of certain supplies and materials in the shop."
The worker's compensation act is the exclusive remedy for injuries at work "caused by the negligence or wrong of a fellow employee" unless the wrong was wilful or malicious or involved the negligent operation of a motor vehicle. General Statutes31-293a; Bouley v. Norwich, 222 Conn. 744, 758, 610 A.2d 1245
(1992). In count one of the complaint, the plaintiff alleges that "[t]he assault and battery with the metal object was willful, wanton and malicious."
An assault that arises out of employment is covered by the exclusive remedy of the worker's compensation act. (Emphasis added.) General Statutes 31-293a; Rawling v. New Haven,206 Conn. 100, 107-08, 537 A.2d 439 (1988); Jett v. Dunlap,179 Conn. 215, 218, 425 A.2d 1263 (1979). However, an assault that does not arise from employment falls within the exception of General Statutes 31-293a. Rawling v. New Haven, supra; Stulginski v. Waterbury Rolling Mills Co., 124 Conn. 355, 362,199 A. 653 (1938). "The fact that employees sometimes quarrel and fight while at work, does not make the injury which may CT Page 562 result one which arises out of their employment." Jacquemin v. Turner Seymour Mfg. Co., 92 Conn. 382, 387, 103 A. 115 (1918).
Whether or not a fight between two employees arises out of employment is a question of fact. Fair v. People's Savings Bank, 207 Conn. 535, 541, 542 A.2d 1118 (1988); Rawling v. New Haven, supra, 107-08. It is an issue of fact whether "[t]he fight arose out of the method in which the employment was customarily carried on in the plant and which was approved by the employer." Stulginski v. Waterbury Rolling Mills Co., supra, 365. Furthermore, "[e]ven though the fight originated in the conditions of employment, if its continuance or its seriousness was due to personal motives and the like, it may well be that the injury is no longer to be regarded as a natural consequence of the conditions of the employment but the real cause of the injury may be found in the personal relations of the parties to each other." Stulginski v. Waterbury Rolling Mills Co., supra, 363.
Even though the plaintiff has failed to submit an affidavit contesting the facts in the defendant's affidavit, the defendant's assertion that the assault occurred during a fight about the use of materials and supplies at work does not prove that the argument arose out of employment. Construing the facts most favorably to the plaintiff, it is submitted that the defendant could have assaulted the plaintiff based on his personal feelings rather than from a desire to protect the interests of the employer. Whether the assault arose from the employment is a material fact in dispute. Accordingly, the defendant's motion for summary judgment is denied as to count one of the complaint.
In count two of the complaint, the plaintiff alleges a claim for gross negligence. The worker's compensation act is the only remedy for any act of negligence by a fellow employee that does not involve a motor vehicle, including acts of gross negligence. General Statutes 31-293a; Panero v. Electrolux Corp., 208 Conn. 589, 599, 545 A.2d 1086 (1988); Greene v. Metals Selling Corp., 3 Conn. App. 40, 45, 484 A.2d 478 (1984).
The plaintiff failed to submit documentation refuting the defendant's assertion in his affidavit that he and the plaintiff were fellow employees at the time of the assault. Because it is undisputed that the plaintiff and defendant were fellow employees at the time of the assault, the plaintiff's claim for CT Page 563 negligence is barred by General Statutes 31-293a. Accordingly, the defendant's motion for summary judgment is granted as to count two of the complaint.
/s/ Sylvester ____________________, J. SYLVESTER