[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff's sole argument as stated at the August 16, 1994 hearing on motion for summary judgment was that a question of fact exists as to whether the defendant Monsarrat treated the plaintiff on January 21, 1989.
The defendant submitted an affidavit stating that he has not treated or had any contact with the plaintiff since August 28, 1987.
The plaintiff submitted no affidavit, and relies on his uncertified deposition testimony. Therefore, the plaintiff has not submitted any appropriate documentation to raise a genuine issue of fact. The deposition testimony submitted by the plaintiff is not properly certified and therefore should not be considered on a motion for summary judgment. See Conn. Practice Book, Section 380; Perry LaFerriere v. Cicero Booker,9 CSCR 173, (February 21, 1994); Balderston v. ShoalsConstruction, Inc., 9 Conn. Law Reporter 343, 344 (July 1, 1993); Gough v. Town of Fairfield, 7 Conn. Law Reporter 50 (July 9, 1992); Carroll v. Topolski, 4 Conn. Law Reporter, 658 (September 12, 1991); Arisien v.Matty's Paving, Superior Court, Judicial District of Waterbury (March 29, 1994), Sullivan, J.
If the plaintiff claims he was treated or examined by Dr. Monsarrat on January 21, 1989, why hasn't he submitted an affidavit so stating?
The defendant Monsarrat's motion for summary judgment is granted.
RICHARD A. WALSH, J.