[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #107
On August 2, 1995, the plaintiff, Michael Zingarella, filed a one count complaint against the defendant Tilcon Connecticut, Inc. alleging the following facts.
On or about July 18, 1992, the plaintiff was operating a motorcycle on a section of railroad tracks allegedly owned by the defendant in Branford, Connecticut. The plaintiff lost control of the motorcycle and was thrown from the vehicle when it came in contact with a tree limb and some other debris located on the tracks. According to the plaintiff, the defendant willfully, maliciously and/or recklessly placed the tree limb across the railroad tracks with the knowledge that motorcyclists rode in the area. The plaintiff alleges that he incurred various personal injuries as a direct result of the defendant's actions.
On October 26, 1995, the defendant filed its answer and special defenses to the plaintiff's complaint. In its answer, the defendant only admits that the plaintiff was the operator of a motorcycle on July 18, 1992. The defendant, by way of its third special defense, alleges that the plaintiff's action is barred by General Statutes § 52-557j.
On June 19, 1996, the defendant filed a motion for summary judgment based on its third special defense. In support of its motion, the defendant filed a memorandum of law, a copy of the police report regarding the accident and the affidavit of Frank Lane, the defendant's Director of Real Estate. The defendant also CT Page 5578-LLL submitted an uncertified copy of the plaintiff's deposition testimony, and an uncertified copy of the deposition testimony of Lou Taft, a witness to the events occurring immediately after the accident.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242,250 (1995). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Esposito v. Wethered, 4 Conn. App. 641, 644 (1985). "[S]ince litigants ordinarily have a constitutional right to have issues of fact decided by a jury . . . the moving party for summary judgment is held to a strict standard. . . ." Kakadelisv. DeFabritis, 191 Conn. 276, 282 (1983).
In support of its motion for summary judgment, the defendant relies on § 52-557j. According to § 52-557j, "[n]o landowner may be held liable for any injury sustained by any person operating a . . . motorcycle . . . upon the landowner's property . . . whether or not the landowner had given permission, written or oral, for the operation upon his land unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner." The Supreme Court of Connecticut has restricted the definition of the word landowner as used in § 52-557j "to those who hold title." Warner v. Leshe-Elliott Constructors. Inc., 194 Conn. 129,137 (1984). None of the documents submitted by the defendant in support of its motion for summary judgment indicate that the defendant holds title to the land. Moreover, the defendant, in its answer to the plaintiff's complaint, denies ownership of the land on which the tracks are located. (Defendant's Answer to the Plaintiff's Complaint, October 24, 1995, para. 1). Accordingly, the defendant has failed to demonstrate that § 52-557j
applies in this case, and consequently, that it is entitled to judgment as a matter of law.
In addition, the defendant argues in support of its motion for summary judgment that it did not willfully or maliciously place the tree limb or the debris on the tracks. In support of this argument, the defendant has submitted the plaintiff s deposition testimony and the deposition testimony of Lou Taft. CT Page 5578-MMM "Connecticut's Practice Book rules provide guidelines to facilitate the discovery of information relevant to a pending suit. The primary purpose of a deposition taken pursuant to these provisions is discovery." Esposito v. Wethered, supra, 235 Conn. 202-03. Our Appellate Court has held that deposition testimony is not conclusive for summary judgment purposes. Id. Accordingly, the deposition testimony offered by the defendant in support of its motion for summary judgment fails to sufficiently establish the absence of a genuine issue of material fact as to whether the defendant willfully or maliciously placed the tree limb or debris on the railroad tracks.
Moreover, both copies of the deposition testimony submitted by the defendants are uncertified. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03 (1995). "Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380." Valeriov. International Business Machines Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0366953 (September 1, 1994, Hennessey, J.). Therefore, "[c]opies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgment." Id.; see alsoOberdick v. Allendale Mutual Ins. Co., Superior Court, judicial district of New Haven, Docket Nos. 283004 and 282791 (August 25, 1993, Celotto, J., 9 Conn. L. Rptr. 607, 608-09); Balderston v.Shoals Construction, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 102268 (July 1, 1993, Lewis, J., 9 Conn. L. Rptr. 343). Therefore, since uncertified copies of deposition testimony may not be used to support a motion for summary judgment, the defendant has not provided the court with satisfactory evidence demonstrating the absence of a genuine issue of material fact as to whether the defendant willfully or maliciously placed the debris on the tracks.
The defendant further argues that the plaintiff has not submitted and does not possess any evidence demonstrating that the defendant willfully or maliciously placed the obstacle in the path of the plaintiff. On a motion for summary judgment, however, the moving party "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitled him to a judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). "[A] party moving for summary judgment CT Page 5578-NNN cannot place on the other party the burden of submitting affidavits to establish the truth of other pleaded material facts which the moving party has not attacked." Plouffe v. New York,N.H. H.R. Co., 160 Conn. 482, 491 (1971). The moving party must remove the significant issues from the field of conjecture and speculation. O'Brien v. Cordova, 171 Conn. 303, 305-06 (1976).
Although the plaintiff has not submitted any evidence to the court and may not possess any evidence supporting his case at this point, the defendant in support of its motion has the burden of submitting admissible evidence to demonstrate that a question of material fact does not exist and that judgment should be granted as a matter of law. Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202-03. Here, there has been no conclusive demonstration that an employee of the defendant employees did not place the debris on the tracks. Since litigants have a constitutional right to have a jury decide the factual merits of the suit; Kakadelis v. DeFabritis, supra, 191 Conn. 282; the movant has a heavy burden in cases of this type. Such cases are generally not good candidates for summary judgment. SeeSpencer v. Good Earth Restaurant, 164 Conn. 194 (1972).
The court denies the defendant's motion for summary judgment.
Freedman, J.